19-3336 (L)
Green v. Mount Sinai Health System, Inc., et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of October, two thousand twenty.

Present: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

DAVID GREEN,

*Plaintiff-Appellant*,

v. 19-3336-cv
19-3417-cv

MOUNT SINAI HEALTH SYSTEM, INC., JAIRO MCZENO,

*Defendants-Appellees*.
_____

Appearing for Appellant: Michael J. Confusione, Hegge & Confusione, LLC, Mullica Hill, NJ.

Appearing for Appellee: Rory J. McEvoy, Akerman LLP (Brittany A. Buccellato, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be **AFFIRMED**.

Appellant David Green appeals from the September 12, 2019 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*), granting summary judgment for Appellees Mount Sinai Health System, Inc. ("Mount Sinai") and Jairo McZeno (collectively, "Appellees"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, viewing "the evidence in the light most favorable to the party opposing summary judgment, draw[ing] all reasonable inferences in favor of that party, and eschew[ing] credibility assessments." *Smith v. Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2d Cir. 2016) (citation, alterations, and internal quotation marks omitted).

"Title VII prohibits employers from retaliating against any employee because that individual has opposed any practice made unlawful by Title VII." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (internal citation, alterations, and quotation marks omitted). In assessing Title VII and New York State Human Rights Law ("NYSHRL") retaliation claims, the Court applies the three-step burden-shifting framework first articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Ya-Chen Chen*, 805 F.3d at 70; *see also Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (explaining that both federal and state law retaliation claims are reviewed under *McDonnell Douglas*). "[T]o make out a prima facie case of retaliation, a plaintiff must show participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action." *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991). New York City Human Rights Law ("NYCHRL") "requires an independent analysis." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Courts should "analyze NYCHRL claims separately and independently from any federal and state law claims," and construe those provisions "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Id.* (citation omitted).

We agree with the district court that the only protected activities at issue were Green's 2008 and 2017 filings with EEOC. We have repeatedly held that generalized grievances about an unpleasant or even harsh work environment, without more, do not reasonably alert an employer of *discriminatory* conduct and therefore fail to rise to the level of protected activity. *See, e.g.*, *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (affirming dismissal where the "competent evidence in the record showed that any complaints [the plaintiff] made were generalized"). Although a plaintiff "may prevail on a claim for retaliation even when the underlying conduct complained of was not in *fact* unlawful," the plaintiff's "belief must be reasonable and characterized by *objective* good faith." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 16 (2d Cir. 2013) (emphasis added) (citation omitted). Other than the EEOC charges, Green's other complaints fall into the category of generalized employment complaints and are not allegations about unlawful discrimination.

We also agree with the district court's assessment regarding what constitutes a materially adverse employment action. Federal and state employment law require that a plaintiff show a materially adverse employment action and a causal nexus between the protected conduct and the adverse employment action. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). For an employment change to qualify as a materially adverse employment change, it must be "more disruptive than a mere inconvenience," and adverse changes typically include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities . . . ." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted). Most of Green's complained-of employment actions, such as informal criticism of his work or denial of a vacation request, without more, do not constitute materially adverse employment actions.

In addition to showing the existence of a materially adverse employment action, a plaintiff must demonstrate a causal nexus between the protected activity and the adverse employment action. *See Hicks*, 593 F.3d at 164. To show the inference of retaliation from temporal proximity alone, the temporal proximity must be "very close," and periods greater than 20 months, by themselves, suggest "no causality at all." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citation omitted). We agree with the district court's conclusion that of the three possible materially adverse actions, two of them—a March 2018 comment that Green did not belong in the department and unspecified assignments to mandatory shifts—are too attenuated or not temporally specific enough to create an inference of causation based on temporal proximity. No evidence was presented to suggest a causal nexus on other grounds.

Furthermore, even when a plaintiff establishes a prima facie case for retaliation, an employer-defendant may rebut it by presenting a legitimate business justification for its employment action. *See Zann Kwan*, 737 F.3d at 845 ("[A]fter the defendant has articulated a non-retaliatory reason for the employment action, the presumption of retaliation arising from the establishment of the prima facie case drops from the picture." (citation omitted)). Although "temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII . . . without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). Here, the district court properly concluded that Green failed to rebut Appellees' evidence that the reprimand Green received in March 2017 was due to his unexplained absences and other misconduct. Green did not meet his "burden" of showing that Appellees' reasons were "in fact pretext for unlawful [retaliation]." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014) (citation omitted). Therefore, the district court's grant of summary judgment as to Green's federal and state retaliation claims was proper.

The district court's analyses of these issues were also proper under NYCHRL, which requires plaintiffs to show that they opposed an employer's retaliation, and that, "as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (citation omitted). As discussed above, most of Green's complaints did not constitute protected activity, and to the extent any did, Appellees' subsequent actions were not causally connected to the activity. Although NYCHRL has been construed to be

slightly broader than federal and state law, it is nevertheless "not a general civility code," *id.* at 113, and summary judgment was properly granted for Appellees on this claim as well.

    We have considered the remainder of Green's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk